USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/28/2022_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DR. EDGARD EL CHAAR,

                                Plaintiff,

        -against-

NEW YORK UNIVERSITY COLLEGE OF
DENTISTRY,

                               Defendant.
-------------------------------------------------------------------x

Civ. No.:  1:22-cv-00856 (AT)

**STIPULATED**
**CONFIDENTIALITY**
**AGREEMENT AND**
**PROTECTIVE ORDER**

ANNALISA TORRES, United States District Judge:

      WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

      WHEREAS, the Parties, through counsel, agree to the following terms;

      WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

      WHEREAS, discovery in this case may also require the disclosure of protected health information ("PHI") that is regulated by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the regulations promulgated by the Secretary of the Department of Health and Human Services to enforce HIPAA, along with other federal regulations, including but not limited to 42 C.F.R. Part 2;

      WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

      WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual notice of this Protective Order shall adhere to the following terms:

1. This Order shall apply to all documents and things subject to discovery in this action produced either by a Party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation, answers to interrogatories, documents and things produced (including documents and things produced for inspection), responses to written and electronic discovery requests, and answers to requests for admission, testimony adduced at depositions upon oral examination or upon written questions, as well as any and all copies, abstracts, digests, notes and summaries thereof (the "Discovery Material") and shall continue to apply to them during the entire pretrial phase of this litigation, including discovery, dispositive motion practice, and pretrial motion practice.

2. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3. For the purposes of this Order, "Protected Health Information" or "PHI" shall have the definition given it in the HIPAA regulations which define PHI to include "individually identifiable health information," which is, in turn, defined by the HIPAA regulations as information that "relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provisions of health care to an individual; and that identifies the individual or with respect to which there is a reasonable basis to believe the information can be used to identify the individual." 45 C.F.R. § 160.103. Individually identifiable health information includes patient names, addresses, and social security numbers;

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted. This provision does not apply to documents that include PHI and Parties will abide by statutory requirements to ensure that unredacted Discovery Material that contains PHI are not produced.

5. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as CONFIDENTIAL only the portion of such material that it reasonably and in good faith believes consists of information deemed confidential, including but not limited to:

(a) previously non-disclosed proprietary or confidential financial or business information (including without limitation profitability reports or estimates);

(b) previously non-disclosed proprietary or confidential material relating to ownership or control of any non-public company;

(c) previously non-disclosed proprietary or confidential business plans or marketing plans;

(d) any information of a personal or intimate nature regarding any individual or Party or any other confidential information such as confidential family or health information;

(e) confidential mental health and/or confidential medical information and PHI and/or individually identifiable health information, including but not limited to such information regarding the Plaintiff as defined by or subject to federal and/or state law or this Order;

(f) non-public family, medical, mental health and/or employment records of non-parties; or

(g) any other category of information this Court subsequently affords confidential status.

6. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "CONFIDENTIAL" by: (a) stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

7. A Producing Party or its counsel may, to the extent permitted by this Order or a Court Order, designate deposition exhibits or portions of deposition transcripts as CONFIDENTIAL Discovery Material either by: (a) indicating on the record during the deposition that a question calls for CONFIDENTIAL information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "CONFIDENTIAL Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "CONFIDENTIAL," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated

transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated CONFIDENTIAL.

8.  If at any time before the termination of this action a Producing Party realizes that it should have designated as CONFIDENTIAL some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as CONFIDENTIAL. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "CONFIDENTIAL" designation within seven business days of providing such notice.

9.  Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence; or (d) requiring that such evidence be kept under seal at the time of trial.

10. Where a Producing Party has designated Discovery Material as CONFIDENTIAL, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Acknowledgment of Protective Order in the form annexed as Exhibit A hereto;

    (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy of the document;

    (f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an Acknowledgment of Protective Order in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an Acknowledgment of Protective Order in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and (i) this Court, including any appellate court, its support personnel, and court reporters.

11. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 10(d), 10(f) or 10(g) above, counsel must provide a copy of this Order to such person, who must sign an Acknowledgment of Protective Order in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Acknowledgment of Protective Order, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or upon request. Such person referred to in subparagraphs 10(d), 10(f) or 10(g) above shall return to the retaining party, at the conclusion of this litigation (herein defined as the conclusion of all formal and informal proceedings arising from or relating to this litigation, including appeals), all originals and copies of such "CONFIDENTIAL" information, and summaries thereof, except that Consultants shall be permitted to retain copies of their own work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

12. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

13. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("CONFIDENTIAL Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

15. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

16. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party with at least 10 business days for a response before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material. Within 60 days of the final disposition of this action, including all appeals, all recipients of Confidential Discovery Material must either return it, including all copies thereof, to the Producing Party, or, destroy such material, including all copies thereof. In either event, if requested by the Producing Party, within 10 days after the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material, except as provided herein. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, documents relied upon as supporting any claim or defense, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19. If any "CONFIDENTIAL" information is inadvertently disclosed to any person other than as permitted by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the party whose information is disclosed of all facts pertinent to the disclosure, including the name, address, and employer of the person to whom the disclosure was made. The party responsible for the disclosure shall take all reasonable steps to prevent any further disclosure of the "CONFIDENTIAL" information.

20. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

21. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

22. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

23. It is ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

SO STIPULATED AND AGREED.

Dated: New York, New York
December 27, 2022

| OLSHAN FROME WOLOSKY LLP | JACKSON LEWIS P.C. (WP) |
|---|---|
| */s/ Michael Passarella* | */s/ Susan Deegan Friedfel* |
| Michael Passarella, Esq. | Susan Deegan Friedfel |
| 1325 Avenue of the Americas | 44 South Broadway, 14th Floor |
| New York, New York 10019 | White Plains, NY 10601 |
| MPassarella@olshanlaw.com | susan.friedfel@jacksonlewis.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| *Dr. Edgard El Chaar* | *New York University* |

SO ORDERED.

Dated: December 28, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge